# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SARAH NEMERGUT,  )
                 )
    Plaintiff,   )
                 )
vs.              )   Case No.: 2:13-cv-0254-GMN-GWF
                 )
MICHAEL J. ASTRUE, Commissioner of  )   **ORDER**
Social Security,  )
                 )
    Defendant.   )
                 )

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge George W. Foley. (ECF No. 25). Plaintiff Sarah Nemergut filed an Objection, (ECF No. 26), to which Defendant Michael J. Astrue responded, (ECF No. 27). For the reasons discussed below, the Court will adopt Judge Foley's R&R in full.

**I.     BACKGROUND**

Plaintiff brings this action against Defendant Michael Astrue in his capacity as the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). (Compl., ECF No. 1). Plaintiff seeks judicial review of a final decision denying her claim for Social Security disability benefits ("SSD benefits"). (*Id*.).

Plaintiff filed a claim for SSD benefits on July 14, 2006, which was denied initially and upon reconsideration. (*Id.* at 2:1-22). Plaintiff claims that she suffers from Cushing's disease, depression, obesity, and hypopituitarism that rendered her unable to work as of May 1, 2004. (*Id.* at 1:25-26). Plaintiff's claim was heard by an Administrative Law Judge ("ALJ") on June 8, 2011. (*Id.* at 2:5-6). On August 19, 2011, the ALJ issued a decision denying Plaintiff's claim. (*Id.* at 2:7-9). Plaintiff then requested that the Appeals Council review the ALJ's decision. (*Id*. at 2:10-11). This request was denied on December 19, 2012, making the ALJ's

decision final. (*Id.* at 2:12-13).

This action was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4.  In his R&R, Judge Foley recommended that this Court enter an order granting the Motion to Affirm, (ECF No. 22), and denying the Motion to Remand, (ECF No. 15).

## II.    LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III.   DISCUSSION

This Court may set aside the Social Security Commissioner's denial of disability benefits only when the findings of the ALJ are based on legal error or are not supported by substantial evidence in the record as a whole. Social Security Act §§ 216(i), 223, (codified at 42 U.S.C. §§ 416(i), 423); *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*.

Here, Judge Foley found that the ALJ's decision was supported by substantial evidence and that the ALJ properly assessed Plaintiff's credibility as well as the appropriate weight to be given to the opinions of Dr. Irina Lendel and Dr. William Ludlam, two of Plaintiff's treating physicians. (R&R 12:20-21:1, ECF No. 25).

Plaintiff objects to these findings, arguing (1) that the ALJ lacked sufficient evidentiary support to conclude that Plaintiff was not credible and (2) that the ALJ erred by not giving controlling weight to the opinions of Dr. Lendel and Dr. Ludlam. The Court will address each of these arguments in turn.

Plaintiff argues that the ALJ erroneously concluded that Plaintiff's testimony regarding the severity of her medical conditions was not credible. (Pl.'s Obj. at 5-7, ECF No. 26). However, the ALJ's findings were based on statements made by Plaintiff's husband, who reported that Plaintiff was able to cook, go to movies, visit casinos, care for three dogs, and shop for up to three hours at a time while he was traveling for work. (Admin. Rec. at 22, ECF No. 13). These activities were found to be inconsistent with the disabling level of pain claimed by Plaintiff. (*Id.*).

The Ninth Circuit has held that a plaintiff's daily activities may form the basis for an adverse credibility determination if those activities contradict the plaintiff's other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Pursuant to the deferential standard required by *Burch*, the Court finds sufficient evidentiary support for the ALJ's decision. 400 F.3d at 679. Plaintiff's claim is based on the assertion that she was entitled to SSD benefits due to debilitating back pain, headaches, dizziness while standing, and other various symptoms which prevented her from performing substantial gainful employment. *See, e.g.*, (Admin. Rec. at 18). Plaintiff does not dispute that she shopped for up to three hours at a time, went to movies, visited casinos, or that she performed any of the other activities described by her husband. As these activities are inconsistent with Plaintiff's claims regarding the severity of her symptoms, the Court finds that substantial evidence on the record supports the ALJ's adverse credibility determination.

Plaintiff also argues that the ALJ should have given greater weight to the opinions of two of her treating physicians, Dr. Ludlam and Dr. Lendel. (Pl.'s Obj. at 1-5). Though these

physicians issued opinions supporting Plaintiff's claim of disability, the ALJ gave this evidence little weight, finding that the opinions were inconsistent with the doctors' own treatment notes as well as the opinions of other treating physicians. (Admin. Rec. at 20-25).

Indeed, despite the fact that Dr. Lendel's opinion in support of Plaintiff's application for disability indicated that Plaintiff suffered from, *inter alia*, severe muscle pain, loss of balance, and joint pain, (*Id.* at 1053), Dr. Lendel had previously observed on several occasions that Plaintiff had normal motor strength and tone, normal muscularity, and no evidence of abnormalities in her extremities. (*Id.* at 904, 907, 909, 911, 913, 916). Similarly, Dr. Ludlam's letter in support of Plaintiff's disability claim stated that Plaintiff could not shower and dress without lying down, vacuum, or cook dinner for her husband, (*Id.* at 1056), despite her prior notes indicating that Plaintiff had normal motor skills, only mild proximal muscle weakness in her upper extremities, and only mild lower extremity edema. (*Id.* at 471, 545, 571).

The opinions of Dr. Ludlam and Dr. Lendel were also inconsistent with the opinions of two of Plaintiff's other treating physicians, Dr. Anthony Luciano and Dr. Dale Childress. After performing several lab tests, Dr. Luciano and Dr. Childress each concluded that Plaintiff's results were not indicative of Cushing's syndrome. (*Id.* at 440, 901). Neither Dr. Luciano nor Dr. Childress indicated that Plaintiff's symptoms were so severe as to prevent her from acquiring gainful employment. After recommending that Plaintiff not work overtime due to headaches and jaw pain, Dr. Luciano suggested that Plaintiff join a regimented workout problem for weight loss. (*Id.* at 440). The ALJ gave substantial weight to these opinions, as they were consistent with the results of medically accepted clinical and laboratory diagnostic techniques. (*Id.* at 23).

The Court finds that the ALJ's decision to afford little weight to the opinions of Dr. Ludlam and Dr. Lendel is supported by substantial evidence. The record shows that the opinions these doctors issued in support of Plaintiff's claim for SSD benefits is inconsistent

with their own notes as to the severity of Plaintiff's condition. Furthermore, these opinions are inconsistent with the conclusions of Dr. Luciano and Dr. Childress, who also treated Plaintiff. Because Dr. Luciano's and Dr. Childress' conclusions are consistent with the results of objective diagnostic tests as well as the medical notes of Dr. Ludlam and Dr. Lendel, the ALJ's assessment as to the weight to be given to each doctor's opinion was not in error.

Having reviewed Plaintiff's objections *de novo*, the Court finds no basis on which to reject Judge Foley's findings and recommendations.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 25), be **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that the Motion to Affirm, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Remand, (ECF No. 15), is **DENIED**. The Clerk is instructed to enter judgment accordingly and close the case.

**DATED** this 12th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court